Oliverio **MARTINEZ**, Plaintiff–
Appellee,

v.

**CITY OF OXNARD; Oxnard Police
Dept.; Art Lopez, Chief; Maria Pena;
Andrew Salinas; Ron Zavala, Defen-
dants,**

and

**Ben Chavez, Defendant–Appellant.**

No. 00–56520.

United States Court of Appeals,
Ninth Circuit.

Jan. 20, 2004.

Mark Kenneth Flores, Heredia & Asso-
ciates, Oxnard, CA, Sonia M. Mercado,
Sonia Mercado & Associates, R. Samuel
Paz, Esq., Culver City, CA, for Plaintiff–
Appellee.

Alan E. Wisotsky, Law Offices of Alan
E. Wisotsky, Oxnard, CA, for Defendants.

Jeffrey Held, Law Offices of Alan E.
Wisotsky, Oxnard, CA, for Defendant–Ap-
pellant.

Sharon Swingle, Department of Justice,
Washington, DC, for Amicus.

Before KIM McLANE WARDLAW,
RICHARD A. PAEZ and RICHARD C.
TALLMAN, Circuit Judges.

Order; Concurrence by Judge
TALLMAN.

## ORDER

The panel has voted unanimously to
deny the petition for rehearing en banc.

The full court has been advised of the
petition for rehearing en banc and no
judge has requested a vote on whether to
rehear the matter en banc. Fed. R.App.
P. 35.

The petition for rehearing en banc is
DENIED.

TALLMAN, Circuit Judge, concurring.

I agree with my colleagues that rehear-
ing en banc is not warranted in this case.
Nevertheless, I write separately because,
upon consideration of the parties' briefs
and the government's amicus brief on
Chavez's second Petition for Rehearing
En Banc, I believe the Supreme Court
acknowledged the need for further devel-
opment of the factual and legal bases
concerning Chavez's qualified immunity
defense to Martinez's substantive due
process claim. *See Chavez v. Martinez,*
538 U.S. 760, 123 S.Ct. 1994, 2008, 155
L.Ed.2d 984 (2003) ("Whether Martinez
may pursue a claim of liability for a sub-
stantive due process violation is thus an
issue that should be addressed on re-
mand, along with the scope and merits of
any such action that may be found open
to him."). Upon further reflection, I
would withdraw our order of July 30,
2003, which could be misconstrued as pre-
judging the result. We should simply
have remanded with instructions to pro-
ceed in a manner consistent with the Su-
preme Court's decision.